IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES M. BYRD AND MARY BYRD,** | \* |
| | \* |
| Plaintiffs, | \* |
| v. | \*   CAUSE NO.: 21-cv-483 |
| | \* |
| **THE NATIONAL FLOOD INSURANCE PROGRAM; DEANNE CRISWELL,** in her official capacity as Administrator of the Federal Emergency Management Agency; **ALEJANDRO MAYORKAS,** in his official capacity as Secretary of the Department of Homeland Security; **ALLSTATE INSURANCE COMPANY;** and Fictitious Defendants A – Z, whether singular or plural, who insured the Plaintiff for flood coverage at the time of the incident made the basis of this Complaint, | \* \* \* \* \* \* \* \* \* \* \* \* \* |
| | \* |
| Defendants. | \* |

## COMPLAINT

COME NOW, through undersigned counsel, Plaintiff(s), James and Mary Byrd, ("Homeowner"), who file this Complaint against Defendants, the National Flood Insurance Program ("NFIP"), Deanne Criswell ("Administrator"); and Alejandro Mayorkas ("Current Acting Secretary"); collectively referred to as "FEMA" below, and Allstate Insurance Company ("WYO COMPANY"). FEMA and ALLSTATE are collectively referred to as "Defendants". Homeowner brings this Complaint on the grounds more fully set forth below:

### JURISDICTION AND VENUE

1. This action arises under flood insurance regulations issued by the Federal Emergency Management Agency ("FEMA'); the National Flood Insurance Act of 1968, as amended, ("NFIA"), 42. U.S.C. 4001 *et seq.*; and federal common law.

2. This breach of contract action involves a federal flood insurance policy that FEMA provided to Homeowner pursuant to the NFIA.

3. Pursuant to 42 U.S.C. § 4072, federal courts, like this Court, have original and exclusive subject matter jurisdiction over cases involving disputed disallowance or partial disallowance of federal flood insurance claims proceeds, regardless of the amount in controversy.

4. Federal courts, like this Court, have subject matter jurisdiction over this matter pursuance to 28 U.S.C. § 1331 because this matter involves an insurance contract that was issued pursuant to the NFIA and this this matter involves federal questions – including the application of federal statues and federal regulations.

5. This Court also has jurisdiction because the parties contractually agreed that Homeowner must bring any claim or claims handling disputes related to the insurance policy in this Court because the insured property (identified more fully below) is located in Baldwin County, Alabama.

6. Venue of this action is proper in the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1391(b), 28 U.S.C. § 1391(c), and 42 U.S.C. § 4072.

## PARTIES

7. Homeowner is a person of the full age of majority and is domiciled in Baldwin County, Alabama, and at all times relevant herein was the owner of property located that address 25675 W. Perdido Avenue, Orange Beach, Alabama 36561.

8. FEMA is a federal agency under the United States Department of Homeland Security ("DHS") that administers and issues flood insurance policies pursuant to the National

Flood Insurance Program ("NFIP") and the NFIA.[1] NFIP is thus a properly named Defendant herein.

9. The Administrator is a proper party to this action pursuant to 42 U.S.C. § 4072, which authorizes suit against the Administrator of FEMA in his official capacity to assert claims related to the disallowance or partial disallowance of a flood insurance claim. *See also* 44 C.F.R. §§ 61, App. A(1), Section VII(R) and 62.22.

10. The Secretary is a proper party pursuant to section 503 of the Homeland Security Act of 2002, Pub. Law 107-296, 5 U.S.C. §§ 301 *et seq*., which transferred all functions, personnel, and liabilities of FEMA to the Department of Homeland Security.

11. Upon information and belief, Defendant, Allstate Insurance Company ("Allstate") is a foreign corporation domiciled in the State of Illinois, with its principal office and place of business located at 2775 Sanders Road Suite A3 Northbrook, IL 60062. Upon information and belief, Allstate has been and is authorized to, and has been and is doing, business in the State of Alabama and is subject to the personal jurisdiction of the Court.

12. Fictitious Defendants A – Z are persons, firms, corporations and/or entities within the jurisdiction of this Court as set out in the style of this Complaint, whose true names are unknown to the Plaintiff at this time but will be substituted by amendment when discovered.

---

[1] In similar cases, FEMA has asserted that the proper defendant for claims arising under the NFIA and the NFIP is the Secretary of the Department of Homeland Security, based upon the Homeland Security Act of 2002, which transferred the functions, personal, assets, and liabilities of FEMA to the Department of Homeland Security. *See, e.g.,* Memorandum in Support of Federal Emergency Management Agency's Motion to Dismiss at 11 – 13. Toups v. Federal Emergency Management Agency, No. 2:13-CV-5226-ILRL-JCW. However, 42 U.S.C. Sec. 4072 provides that plaintiff may bring an action regarding the NFIP against the "Administrator." As of July 6, 2012, the "Administrator" is defined under the National Flood Insurance Act as the "Administrator of the Federal Emergency Management Agency," 42 U.S.C. § 4004, Administrator Deanne Criswell. Homeowner names both officials as defendants in this Complaint to ensure that the proper party has been named.

## FACTUAL BACKGROUND

### The Subject Insurance Policy

13. This action arises out of the Defendants' unlawful interpretation and implementation of one or more flood insurance policies issued pursuant to the National Flood Insurance Program. ("NFIP"). *See* 42 U.S.C. § 4011 *et seq*. The NFIP is a federally supervised and guaranteed insurance program administered nu the Federal Emergency Management Agency (FEMA), pursuant to the NFIA and its implementing regulations.

14. Pursuant to 42 U.S.C. § 4081(a), and other applicable sections of the NFIA and its implementing regulations (*see* 44 C.F.R. § 62.23), FEMA created the Write-Your-Own Program ("WYO Program"), which allows private insurers to issue and administer flood insurance policies under the NFIP to assist FEMA in its statutory duty to administer the NFIP. The WYO Program allows a private insurance company ("WYO Company") to issue a Standard Flood Insurance Policy ("SFIP") in its name, while also serving as fiscal agent of the United States Government.

15. Defendant, Allstate, is a WYO Company, and its relationship to Plaintiff with regard to all matters relevant to this Complaint is in that capacity, among other things. As a WYO Company, Allstate, is responsible for arranging the lawful and proper adjustment, settlement, payment, and defense of all flood insurance claims arising under the SFIP's it writes, including those written to Plaintiff.

16. The policy directly at issue in this case is an SFIP issued to Plaintiff and administered by Allstate, policy number 4807531451, which provided flood coverage to 25675 W. Perdido Avenue, Orange Beach, Alabama 36561 during the policy terms from February 24, 2020 through February 24, 2021 (the "Policy").

**Flood Loss/Damages Suffered by Plaintiff**

17. On or around September 15, 2020, Hurricane Sally made landfall over and devastated Orange Beach, Alabama.

18. Homeowners' home located at 25675 W. Perdido Avenue, Orange Beach, Alabama 36561 was damaged due to flooding caused by Hurricane Sally, and other losses covered under the insurance policy.

19. Homeowner timely reported the loss to Allstate, was current with all premiums due, and the Policy was in full force and effect at the time of the loss.

20. Allstate Proof of Loss and was deficient and failed to adequately compensate Homeowner for all covered losses.

21. Homeowner retained independent experts to evaluate the extent of the flood loss cause by and from Hurricane Sally.

22. Homeowners' experts found conclusive evidence that the flood event critically damaged Homeowners' covered property in an amount and scope far greater than what was found by Defendants.

23. These covered damages were thoroughly documented and were submitted to Defendants for review.

24. Despite receipt of documentation, Defendants have unfairly and improperly persisted in denying and/or undervaluing these claims, which are due under the policy.

**CLAIM FOR RELIEF: BREACH OF CONTRACT**

25. Homeowner incorporate the allegations of each and every paragraph set forth as if fully set forth herein.

26. Homeowners and Defendants entered into an enforceable contract of insurance when Homeowners purchased and Defendants issued the Policy.

27. Defendants have not paid, and/or refuse to pay, significant amounts for the damages stemming from covered losses, and have otherwise failed to abide by the Policy terms.

28. Homeowners have made demands for Defendants to pay the correct amounts, and Defendants have refused to do so.

29. As a direct and proximate result of Defendants' material breaches of the Policy and/or wrongful acts or omissions, Plaintiff has been damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Homeowners respectfully request that this Court enter judgment in Homeowners' favor for all such amounts Homeowners prove at trial, for expenses, for pre-judgment and post-judgment interest as provided by law, as well as all fees and other expenses and for all other relief this Court may deem just and proper.

/s/ STEPHEN M. COLLINS, JR.
STEPHEN M. COLLINS, JR. (COL142)
Attorney for Plaintiffs

OF COUNSEL:

Greene & Phillips
Attorneys at Law, LLC
51 North Florida Street
Mobile, Alabama 36607
(251) 478-1115

**DEFENDANTS TO BE SERVED AS FOLLOWS:**

| | |
|---|---|
| **THE NATIONAL FLOOD INSURANCE PROGRAM**<br>**Through the Attorney General of the United States**<br>**U. S. Department of Justice - Civil Process Clerk**<br>**950 Pennsylvania Avenue NW**<br>**Washington, D.C. 20530** | *via certified mail* |
| **Through the United States Attorney for the**<br>**Southern District of Alabama**<br>**Civil Process Clerk**<br>**63 South Royal Street, Ste. 600**<br>**Mobile, AL 36622** | *via private process server* |
| **DEANNE CRISWELL, in her official capacity as**<br>**Administrator of the Federal Emergency**<br>**Management Agency - Civil Process Clerk**<br>**500 C Street SW**<br>**Washington, D.C. 20472** | *via certified mail* |
| **ALEJANDRO MAYORKAS, in his official capacity**<br>**as Secretary of the Department of Homeland Security**<br>**The Honorable Alejandro Mayorkas**<br>**Secretary of Homeland Security**<br>**Civil Process Clerk**<br>**3801 Nebraska Ave, NW**<br>**Washington, D.C. 20016** | *via certified mail* |
| **ALLSTATE INSURANCE COMPANY**<br>**CT Corporation System**<br>**2 N. Jackson Street, Ste. 605**<br>**Montgomery, AL 36104** | *via private process server* |