IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES M. BYRD, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 21-0483-KD-MU |
| | ) |
| THE NATIONAL FLOOD INSURANCE PROGRAM, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

On January 6, 2022, Defendants the National Flood Insurance Program, Deanne Criswell, Administrator of the Federal Emergency Management Agency, and Alejandro Mayorkas, Secretary, Department of Homeland Security ("the Federal Government Defendants") filed a Motion to Dismiss the Complaint as to all Federal Government Defendants. (Doc. 17). This motion has been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72, for entry of a report and recommendation. These defendants state that the claims asserted against them are due to be dismissed because Congress has not waived sovereign immunity against governmental entities as to suits under the National Flood Insurance Act and, therefore, the Court lacks jurisdiction over them. (Doc. 17 at pp. 6-9). The Federal Government Defendants also argue that Plaintiffs cannot state a breach of contract claim against them due to lack of privity of contract. (*Id.* at pp. 9-10). Plaintiffs filed a response to the Federal Government Defendants' motion to dismiss on January 18, 2022, stating that the motion to dismiss is due to be granted as to the Federal Government Defendants. (Doc. 19).

Having reviewed and considered the relevant pleadings, Defendants' motion, Plaintiff's response, and the relevant law, the undersigned Magistrate Judge **RECOMMENDS** that Defendants' motion to dismiss all claims against the Federal Government Defendants be **GRANTED.**

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection

that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **20th** day of **January, 2022**.

                                                <u>s/P. BRADLEY MURRAY</u>
                                                UNITED STATES MAGISTRATE JUDGE